MUNICIPAL ASSEMBLY OF SANTA ISABEL, Petitioner, *v.* DISTRICT COURT OF GUAYAMA, Respondent.

No. 571. Argued May 2, 1927.—Decided May 5, 1927.

*Leopoldo Tormes* for the petitioner. *Tomás Bernardini de la Huerta* for the plaintiff.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Emiliano Cruz instituted in the District Court of Guayama mandamus proceedings against the Municipal Assembly of Santa Isabel.

Cruz alleged in his petition that a vacancy having occurred in the Municipal Assembly of Santa Isabel, he was recommended to fill the vacancy by the committee of the party of the member causing the vacancy and that the assembly "refused to consider the recommendation and to take action on the acceptance or refusal of the candidate," for which reason he prayed the court to issue a writ of man-

damus to the assembly ordering the immediate considera-
tion of the recommendation in favor of the petitioner and
a decision by the votes of its members accepting or rejecting
the candidate.

The writ was in effect issued and during the proceedings
an incident occurred which caused the municipal assembly
to become in its turn petitioner and to institute this proceed-
ing in certiorari before this Supreme Court, as follows:
After the writ of mandamus was issued the municipal as-
sembly appointed a person other than the petitioner to fill
the vacancy, the district court considered that contempt had
been committed and finally, after hearing the members of the
municipal assembly, sentenced each of them to five days in
jail.

In our opinion the matter at issue is decided on the prin-
ciples established in the decision of this court in *Torres* v.
*Municipal Assembly, ante,* page 299. In that case a study
is made of the former case of *Torres* v. *Guánica,* 33 P.R.R.
327, and the effect of the amendment made in 1925 to section
22 of the Municipal Law, as follows:

"In what did that amendment consist? In adding the following
to the Act:

" 'When the local directing organization which is to make the
recommendation fails to do so within five days after the vacancy oc-
curs, or when the municipal assembly, at the first regular or special
meeting thereof, fails to fill the vacancy with the person so recom-
mended, then the said vacancy shall be filled by the Governor of
Porto Rico, with the approval of the Insular Senate, on recommenda-
tion of the president of the central directing committee of the party
which elected the member whose vacancy is to be filled.'

"Leaving aside the question of time, for it is alleged in the peti-
tion and not contradicted in the answer that the recommendation was
made by the local committee of the party within the time specified by
law, and giving consideration only to the second part of the amend-
ment, we agree entirely with the holding of the district judge as set
out in his opinion as follows:

" 'But there exists another special circumstance and it is this:

"when the municipal assembly at the first regular or special meeting thereof fails to fill the vacancy with the person so recommended." In this contingency the law clearly provides as follows: "then the said vacancy shall be filled by the Governor of Porto Rico, with the approval of the Insular Senate, on recommendation of the president of the central directing committee of the party which elected the member whose vacancy is to be filled." That is to say, if a vacancy exists in a municipal assembly and a person is recommended by the proper local committee, to fill said vacancy, and it is not filled by appointing the person recommended by the local committee, then, in compliance with the clear and positive provision of the law, the matter is taken out of the jurisdiction and authority of the local committee of the party and of the proper municipal assembly and by legal precept is transferred to the jurisdiction of another officer who must, in compliance with that law, decide it. This is what clearly appears from the text of the provision referred to.'

"If the law preserved the former contingencies, i.e. 'when through a tie vote or because several vacancies exist, or because various members of the municipal assembly have resigned, there is no quorum,' and added that in which the municipal assembly should fail to fill the vacancy at the first regular or special meeting held after the recommendation from the local committee of the party, it is evident that it gave impliedly to that body the power to act in either sense, and the exercise of such power can not be controlled by a writ of mandamus. A municipal assembly may, either through mere negligence or acting purposely, fail to act on the recommendation. It may also openly refuse to accept it. In all such contingencies the vacancy is not filled and the power to act of the committee and of the assembly ends. That case is provided for in the law, and it falls to the president of the central committee of the party and to the Governor of the Island to act. The principles of popular government are preserved. Opportunity is first given to the organizations directly appointed by the members of the party in the locality and by the people thereof. When it becomes impossible for them to act because they disagree, it is not then a case as it was before of compelling the assembly to carry out the will of the local committee, but that the decision of the case is transferred from the local to the insular community, that is, to the president of the central committee of the party and to the Governor of the People with the approval of the Senate."

From the foregoing it clearly appears that the petitioner

made a mistake. The district court could not compel the municipal assembly to act in the premises. The municipal assembly had actually taken action by refusing to consider the request of Cruz. Its motives could not be investigated. The law has made provision therefor. In a conflict between the local committee and the assembly no appeal should be made to the courts, but to the higher committee of the party and to the Governor of Porto Rico who shall act instead of the local committee and the assembly.

If the court had no jurisdiction to issue the writ of mandamus, the contempt proceeding has no base on which to rest. The judgment of conviction appealed from by the petitioner is therefore void and it is so adjudged.